DISTRICT COURT, EL PASO COUNTY, COLORADO

DATE FILED: January 18, 2022 3:08 PM
FILING ID: 8554968ABD791
CASE NUMBER: 2022CV30085

Court Address:

270 South Tejon
Colorado Springs, CO  80903
(719) 452-5122

**Plaintiff: CRYSTAL FOSTER AND KLOHE FOSTER**

**v.**

**Defendant: USAA GEBERAL INDEMNITY COMPANY**

▲  **COURT USE ONLY**  ▲

Attorney for Plaintiff
Law Office of Jeremy Loew
Jeremy B. Loew, Esq (#40618)
Matthew Roche, Esq. (#44140)
306 East Cucharras Street
Colorado Springs, Colorado 80903-1912
Phone Number: (719) 387-4111
FAX Number: (719) 387-8555
E-mail: matt@LoewLaw.com

Case Number:

Div.:    Ctrm:

**COMPLAINT**

PLAINTIFFS, by and through counsel, THE LAW OFFICE OF JEREMY LOEW, and Matthew Roche, Esq. hereby complains against Defendant as follows:

**JURISDICTION AND VENUE**

1.   At all times relevant herein, Plaintiffs has been a resident of El Paso County, Colorado.

2.  Defendant USAA General Indemnity Company (hereinafter referred to as "USAA"), on information and belief, is a company authorized to do business in Colorado.

3.  The at-fault driver, Brandon Chacon, was at all times relevant to this action, a resident of Pueblo, Pueblo County, Colorado.

4.  All incidents complained of herein occurred in El Paso County, Colorado.

EXHIBIT A

5.  This Court has jurisdiction over the parties, and subject matter jurisdiction and venue is proper in El Paso County.

## GENERAL ALLEGATIONS

6.  Paragraphs 1 through 5 are incorporated as if more fully set forth herein.

7.   On or about March 16, 2018 at approximately 7:40 a.m., Plaintiffs were the driver and passenger of 2014 Mercedes-Benz CL500 and were traveling northbound on Colorado Interstate 25 near milepost 135, slowing for traffic in El Paso County, Colorado.

8.  At that time, Plaintiffs were properly restrained.

9.  At the same time, Brandon Chacon, the operator of a 2016 Kia Sedona, was directly behind a second vehicle, also traveling northbound on Colorado Interstate 25 near milepost 135. The other vehicle moved to the left shoulder to avoid colliding with the Plaintiffs when Brandon Chacon collided with the rear-end of the other vehicle, then collided with Plaintiff's vehicle.

10.  As a result of the collision, Plaintiffs suffered injuries and losses, as to be more fully proven in a court of law.

11.  At that time, the 2014 Mercedes-Benz CL500 driven by the Plaintiffs was covered by a policy of insurance issued by Defendant.

12.  The insurance policy number is G16241509G7101.

13.  The policy of insurance, policy number is G16241509G7101, issued by Defendant included underinsured motorist –bodily injury coverage with limits of $100,000.00 per person up to $300,000.00 per occurrence.

14.  The 2015 Kia Sedona, driven by Brandon Chacon, was underinsured with Farm Bureau, policy number AU460249-0, claim number 05A00656276 with limits of $50,000.00 per person and $100,000.00 per occurrence.

15.  Defendant provided permission to settle with the tortfeasor on October 21, 2019.

16.  Plaintiff signed a liability release with Brandon Chacon and Farm Bureau, and obtained the settlement check.

17.  Brandon Chacon was at-fault for causing the March 16, 2018 collision.

18.  Plaintiffs were not comparatively negligent in causing the collision.

EXHIBIT A

19.  As a direct and proximate result of the negligence of Brandon Chacon, Plaintiffs have incurred serious injuries and damages.

20.  As a further and proximate result of the negligence of Brandon Chacon, Plaintiffs have and will incur economic damages including past and future medical and rehabilitation expenses, past and future wage loss, and non-economic damages including impairment of function, past and future mental anguish, past and future pain and suffering, and past and future loss of quality of life.

21.  To date, Plaintiffs has incurred more than $57,000.00 in medical expenses for treatment of their accident-related injuries.

22.  Plaintiffs has provided Defendant all of Plaintiffs' received medical records and bill related to the March 16, 2018 collision.

23.  Plaintiffs has satisfied all conditions precedent to recovery of underinsured motorist benefits pursuant to the policy of insurance issued by Defendant.

24.  To the extent that Plaintiffs may have failed to comply with any of the conditions precedent to recovery of benefits, Defendant has not been prejudiced by such failure.

## FIRST CLAIM FOR RELIEF
## CONTRACT – UNDERINSURED MOTORIST BENEFITS

25.   Paragraphs 1 through 24 are incorporated as if more fully set forth herein.

26.  Brandon Chacon was underinsured at the time of the March 16, 2018 collision through a policy of automobile insurance issued by Farm Bureau with minimum liability limits of $50,000.00.

27.  Brandon Chacon is an "underinsured" driver as his liability limits did not fully compensate Plaintiffs for their injuries.

28.  As Plaintiffs' injuries, damages, and losses exceed $50,000.00, Plaintiffs made a claim for underinsured motorist benefits under a policy of insurance with Defendant.

29. Plaintiffs are the named insured on a policy for Underinsured Motorist Coverage, claim number 016241509-004, policy number G16241509G7101.

30.  As Plaintiffs' injuries, damages, and losses exceed $100,000, Plaintiffs made a claim for underinsured motorist benefits under the policy of insurance with Defendant.

31.  Pursuant to the policy of insurance, Defendant is obligated to compensate Plaintiffs

EXHIBIT A

for Plaintiffs' injuries, damages, and losses arising out of the March 16, 2018, motor vehicle collision.

32.  Plaintiffs sent Defendant a settlement package including attachments, outlining, explaining, and documenting Plaintiffs' underinsured motorist coverage claim injuries, damages, and losses.

33.  To date, Defendant has not paid uninsured motorist benefits to Plaintiff.

34.  Plaintiffs prays for judgment against the Defendant in an amount which will compensate them for injuries, damages and losses, all reasonable compensatory damages allowed by law, interest from March 16, 2018, and costs in bringing forth this action, expert witness fees, and such further relief as the Court deems proper.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT

35.  Paragraphs 1 through 34 are incorporated as if more fully set forth herein.

36.  Plaintiff has up to $100,000.00 in underinsured motorist coverage available to them pursuant to the insurance policy issued by Defendant.

37.  Plaintiffs have satisfied all conditions precedent to recover of underinsured motorist benefits pursuant to the USAA automobile insurance policy.

38.  To the extent that Plaintiffs may have failed to comply with any of the conditions precedent to recovery of benefits, Defendant has not been prejudiced by such failure.

39.  At all times relevant to this action, Defendant owed to Plaintiffs the implied duty of good faith and fair dealing.

40.  As of the date this Complaint was filed, Defendant has only offered Plaintiff Crystal Foster underinsured motorist benefits in the amount of $10,000.00, and Plaintiff Klohe Foster underinsured motorist benefits in the amount of $3,500.00.

41.  By unreasonably delaying and denying payment of underinsured motorist coverage benefits to the Plaintiff, Defendant breached its insurance contract.

42.  Plaintiffs suffered damages as a result of Defendant's breach of contract.

EXHIBIT A

## THIRD CLAIM FOR RELIEF
## BAD FAITH BREACH OF INSURANCE CONTRACT

43.  Paragraphs 1 through 42 are incorporated as if more fully set forth herein.

44.  At all times relevant to this action, Defendant owed to Plaintiffs the implied duty of good faith and fair dealing.

45.  Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds.

46.  Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiffs an obligation to treat Plaintiffs' interests with equal consideration to their own interests.

47.  The Defendant violated the Colorado statute prohibiting unfair methods of competition and unfair or deceptive insurance acts or practices.  Specifically, the Defendant violated the Unfair Claims Settlement Practices subdivision of that statute by:

> a.    Failing to acknowledge and act reasonably promptly on communications with respect to claims arising under insurance policies;
>
> b.    Failing to adopt and implement reasonable standards for prompt investigation of claims arising under insurance policies;
>
> c.    Refusing to pay claims without conducting a reasonable investigation based upon all of the available information;
>
> d.    Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; and
>
> e.    Compelling Plaintiffs to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts Plaintiff is entitled to recover.

48.  Defendant further breached its duty of good faith and fair dealing owed to Plaintiffs, including but not limited to:

> f.  Failing to give equal consideration to the interest of Plaintiffs, the insured, under the insurance contract;
>
> g.  When investigating Plaintiffs' claims, failing to diligently search for evidence that supported their insured's, Plaintiffs', claims;

EXHIBIT A

h.  Seeking to discover only evidence that defeated their insured's, Plaintiffs', claims;

i.  Unreasonably delaying and denying benefits under the insurance policy without a reasonable basis for delaying and denying benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and denying benefits;

j.  Forcing Plaintiffs into the costly and lengthy process of litigation;

k.  Any further acts which may be discovered.

49.    The Defendant knew that its conduct with respect to Plaintiffs' claim was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

50.  As a direct and approximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiffs sustained damages and losses in the amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF C.R.C.P. 10-3-1115(1)(A) AND C.R.C.P. 10-3-1116(1)
## WRONGFUL DELAY AND DENIAL

51.  Paragraphs 1 through 50 are incorporated as if more fully set forth herein.

52.  As of the date this Complaint was filed, Defendant has offered Plaintiff Crystal Foster only $10,000.00, and Plaintiff Klohe Foster only $3,500.00 to settle their uninsured motorist claim.

53.  The Defendant's delay in acting upon Plaintiffs' request for underinsured motorist coverage benefits as stated above was unreasonable.

54.  Pursuant to C.R.S. 10-3-1116, Plaintiffs are entitled to two times the covered benefit plus attorney's fees and costs.

**WHEREFORE**, Plaintiffs prays for judgment against the Defendant in an amount which will compensate them for injuries, damages and losses, all reasonable compensatory damages allowed by law, interest from March 16, 2018, and costs in bringing forth this action, expert witness fees, and such further relief as the Court deems proper.

EXHIBIT A

DONE this 18th day of January, 2022.

Respectfully submitted,
**THE LAW OFFICE OF JEREMY LOEW.**


*/s/ Matthew Roche*
Matthew Roche, # 44140


Plaintiffs' Address:
8192 Wagon Spoke Trail
Fountain, Colorado 80817

EXHIBIT A