IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-00378-PAB-MDB

CRYSTAL FOSTER, and
KLOHE FOSTER,

    Plaintiffs,

v.

USAA GEBERAL INDEMNITY COMPANY,

    Defendant.

___

**ORDER**
___

This matter comes before the Court on the Motion of USAA General Indemnity Company for Partial Judgment on the Pleadings [Docket No. 17], pursuant to Fed. R. Civ. P. 12(c). Plaintiffs did not respond to defendant's motion.[1]

**I. BACKGROUND**[2]

This case arises out of a motor vehicle collision between three vehicles on or about March 16, 2018. *See* Docket No. 5 at 2, ¶¶ 7, 9. Plaintiffs, the driver and passenger in a vehicle, were travelling northbound on Colorado Interstate 25 when a vehicle driven by Brandon Chacon collided with plaintiffs' vehicle and another vehicle.

---

[1] Despite plaintiffs' failure to respond to the motion, the Court still evaluates the motion on its merits. *See Pattison v. Great-West Fin. Ret. Plan Servs., LLC*, 2018 WL 3364642, at *1 (D. Kan. July 10, 2018); *Sulley v. Taylor*, No. 19-cv-03031-STV, 2020 WL 6826514, at *2 n.1 (D. Colo. Nov 20, 2020).
[2] The following facts are taken from plaintiffs' complaint and presumed true for the purpose of ruling on defendant's motion for partial judgment on the pleadings.

*Id*. Mr. Chacon was at fault for the collision and the plaintiffs were not comparatively negligent. *Id*., ¶¶ 17-18.

Plaintiffs' vehicle is insured by defendant USAA General Indemnity Company ("USAA GIC"). *Id*., ¶ 11. Plaintiffs' USAA GIC policy includes underinsured motorist coverage with limits of $100,000 per person, up to $300,000 per occurrence. *Id*., ¶ 13. Mr. Chacon was insured under an automobile policy with Farm Bureau, with limits of $50,000 per person and $100,000 per occurrence. *Id*., ¶ 14. Defendant gave plaintiffs permission to settle with Mr. Chacon on October 21, 2019, and plaintiffs then settled their liability claim against Mr. Chacon. *Id*., ¶¶ 15-16. Mr. Chacon's liability limits did not fully compensate plaintiffs for their injuries. *Id*. at 3, ¶ 27. Plaintiffs' injuries, damages, and losses exceed $100,000, with more than $57,000 in medical expenses. *Id*., ¶¶ 21, 30. Plaintiffs provided all medical records and bills related to the collision to the defendant. *Id*., ¶ 22. Plaintiffs submitted a claim for underinsured motorist ("UIM") benefits to defendant, *id*., ¶ 30, as well as a settlement package documenting their damages. *Id*. at 4, ¶ 32. As of the date the complaint was filed, defendant has not paid the UIM benefits to plaintiffs. *Id*., ¶ 33. Defendant offered $10,000 to plaintiff Crystal Foster and $3,500 to plaintiff Klohe Foster to settle the claims. *Id*., ¶ 40.

Plaintiffs bring four claims against defendant: 1) "Contract – Underinsured Motorist Benefits;" 2) "Breach of Contract;" 3) "Bad Faith Breach of Insurance Contract;" and 4) "Violation of C.R.C.P. 10-3-1115(1)(A) and C.R.C.P. 10-3-1116(1) Wrongful Delay and Denial."[3] *Id*. at 3-6. Defendant seeks partial judgment on the pleadings

---

[3] Plaintiffs' fourth claim asserts a "Violation of C.R.C.P. 10-3-1115(1)(A) and C.R.C.P. 10-3-1116(1) Wrongful Delay and Denial." Docket No. 5 at 6. The Court presumes this is a typographical error and that plaintiffs assert a claim under the Colorado Revised

regarding plaintiff's third and fourth claims. Docket No. 17 at 1-2. Defendant argues that plaintiffs have failed to plead facts that USAA GIC delayed or denied payment of UIM benefits without a reasonable basis, or that USAA GIC acted with knowing or reckless disregard. *Id*. at 1.

## II. LEGAL STANDARD

The Court reviews a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) much as it does a motion to dismiss pursuant to Rule 12(b)(6). *See Adams v. Jones*, 577 F. App'x 778, 781-82 (10th Cir. 2014) (unpublished) ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion.") (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond St. Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013) (unpublished)). The Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Id*. at 782. To prevail, the moving party must show that "no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

A "motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 (3d ed.); *see also Park Univ. Enters.*, 442

---

Statutes, not the Colorado Rules of Civil Procedure. Accordingly, the Court construes the fourth claim as a violation of C.R.S. §§ 10-3-1115(1)(A) and 10-3-1116(1).

F.3d at 1244 ("Judgment on the pleadings should not be granted unless the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." (quotation marks omitted)).  A party may raise arguments that could be made in a motion under Rule 12(b)(6) in a motion under Rule 12(c).  Fed. R. Civ. P. 12(h)(2).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibility follow from the facts alleged, not the facts themselves be plausible."  *RE/MAX, LLC. v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzalez*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement needs only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff must provide "supporting factual averments" with his allegations.  *Cory v. Allstate Insurance*, 583 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, the Court need not accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alteration marks omitted).

### III. ANALYSIS

Plaintiffs allege a common law bad faith claim and a statutory bad faith claim. *See* Docket No. 5 at 5-6. To prevail on a statutory bad faith claim, a plaintiff must prove that the insurer unreasonably delayed or denied payment of the claim. *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 756 (Colo. App. 2012); *see* Colo. Rev. Stat. § 10-3-1115(1)(a) ("A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."). An insurer's delay is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2). The determination of whether an insurer has breached its duties to the insured is one of reasonableness under the circumstances. *Estate of*

*Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008).  In other words, the question is whether a reasonable insurer under similar circumstances would have denied or delayed payment of the claim.  *Id.*  The reasonableness of an insurer's conduct must be determined objectively, based on proof of industry standards. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1274 (Colo. 1985).  Whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury when conflicting evidence exists.  *Zolman v. Pinnacol Assur.*, 261 P.3d 490, 497 (Colo. App. 2011).  However, in appropriate circumstances, as when there are no genuine disputes of material facts, reasonableness may be decided as a matter of law. *COPIC*, 192 P.3d at 524.  The burden to establish unreasonableness lies with plaintiff. *See Williams v. Owners Ins. Co.*, 621 F. App'x 914, 919 (10th Cir. 2015) (unpublished) (applying Colorado law).

A common law bad faith claim is a distinct cause of action from the statutory bad faith claim.  *Vaccaro*, 275 P.3d at 756.  To succeed on a common law bad faith claim, "a plaintiff must show that the insurer acted both unreasonably and with knowledge of or reckless disregard of its unreasonableness."  *Hyden v. Farmers Ins. Exch.*, 20 P.3d 1222, 1226 (Colo. App. 2000).  Under common law, finding that an insurer's justification for denying or delaying payment of a claim is "fairly debatable" typically weighs against finding that an insurer acted unreasonably.  *Sanderson v. Am. Family Mut. Ins. Co.*, 251 P.3d 1213, 1218 (Colo. App. 2010) (citation omitted).

Defendant argues that plaintiffs have failed to plead any facts that USAA GIC delayed or denied payment of UIM benefits without a reasonable basis.  Docket No. 17 at 5.  Defendant argues that the complaint "lacks any factual allegations whatsoever of

6

*any* delay by USAA GIC." *Id*. (emphasis in original). With respect to denial of benefits, defendant argues that the plaintiffs' claimed medical expenses from the accident were within the liability limits of Mr. Chacon and plaintiffs do not allege failure by USAA GIC to pay any undisputed amount. *Id*. at 1, 5-6. Defendant also argues that the common law bad faith claim does not plausibly allege unreasonable conduct, or knowing or reckless disregard. *Id*. at 6.

The Court finds that plaintiffs' complaint survives defendant's motion for partial judgment on the pleadings. The complaint alleges that Mr. Chacon's "liability limits did not fully compensate Plaintiffs for their injuries," Docket No. 5 at 3, ¶ 27, and, "[a]s Plaintiffs' injuries, damages, and losses exceed $100,000, Plaintiffs made a claim for underinsured motorist benefits under the [USAA GIC] policy." *Id*., ¶ 30. The complaint states that "Plaintiffs sent Defendant a settlement package . . . documenting Plaintiffs' underinsured motorist coverage claim injuries, damages, and losses," but "[t]o date, Defendant has not paid [underinsured] motorist benefits to Plaintiff." *Id*. at 4, ¶¶ 32-33. Plaintiffs plead that their damages exceeded Mr. Chacon's liability limits, but defendant has failed to make any payments to plaintiff. These allegations are sufficient to state a claim under Colo. Rev. Stat. §§ 10-3-1115 and 1116 and a claim for common law bad faith breach of insurance contract. *See Haraburda v. Amica Mutual Ins. Co.,* 2022 WL 4356895, No. 21-cv-02599-PAB-SKC, at *3 (D. Colo. Sept. 20, 2022) (denying motion to dismiss because plaintiff's allegations, that her damages "greatly exceeded" the tortfeasor's policy limit and that defendant failed to make any payments to her, stated plausible claims for statutory bad faith and common law bad faith); *see also State Farm*

*Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501, 506 (Colo. 2018) (stating that insurers have a duty not to unreasonably delay or deny payments of undisputed covered benefits).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion of USAA General Indemnity Company for Partial Judgment on the Pleadings [Docket No. 17] is **DENIED**.

DATED December 12, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

8